IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

ROBERT ARMSTRONG,                  )
                                   )
         Petitioner,               )
                                   )
         v.                        )         NO. 11-3024
                                   )
UNITED STATES OF AMERICA,          )
                                   )
         Respondent.               )

<u>OPINION</u>

RICHARD MILLS, U.S. District Judge:

Pending is the Motion of Petitioner Robert A. Armstrong Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [d/e 1].  The Government has filed a Response to the Motion [d/e 8].  The Petitioner has filed a Reply [d/e 9].  In addition, the Petitioner has filed a Supplement [d/e 13] to his Motion.  As directed, the Government filed a Response [d/e 14] and the Defendant filed a Reply [d/e 15].

I. BACKGROUND

On November 7, 2007, Petitioner Robert A. Armstrong was charged by Indictment with Possession with Intent to Distribute 5 or more Grams

of Cocaine Base ("crack"), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). *See* Case No. 3:07-CR-30107

On July 16, 2008, the Petitioner was arrested in the Northern District of Illinois and transferred to the Central District of Illinois. At his Initial Appearance and Arraignment on September 25, 2008, the Petitioner was found indigent and Assistant Federal Public Defender Robert Scherschligt was appointed to represent him. The Petitioner pled not guilty and consented to detention.

On April 22, 2009, the Government filed a Notice of Prior Felony Drug Conviction.

On April 27, 2009, the Petitioner entered an open plea of guilty to the Indictment.

The Presentence Investigation Report classified his base offense level as 24. He was given a three-level reduction for acceptance of responsibility, which yielded a total offense level of 21. Because he had two prior felony convictions for crimes of violence or controlled substance offenses, however, the Petitioner was designated as a career offender, which resulted in a total

2

offense level of 37 under U.S.S.G. § 4B1.1(b)(A). After a three-level reduction for acceptance of responsibility, the Petitioner's total offense level was calculated to be 34.

A total offense level of 34 and a criminal history category of VI established a guideline range of 262 to 327 months.

At the sentencing hearing on January 25, 2010, United States District Judge Jeanne E. Scott discussed factors which she determined to warrant a sentence below the applicable guideline range. Judge Scott noted the disparity under the sentencing guidelines between crack and powder cocaine. Judge Scott further determined that because of the age of the Petitioner's armed robbery conviction, which was a predicate to his career offender status, a sentence below the 262 to 327 month range would be appropriate. The Court sentenced the Petitioner to 235 months imprisonment, eight years supervised release and the $100 special assessment. *See* Doc. No. 30, at 15-18.

On October 25, 2010, the Petitioner sent a letter to the Court which provided that he wanted to file a Notice of Appeal and requesting that an

attorney be appointed to represent him for that purpose. The Court construed the letter as a Notice of Appeal and forwarded the document to the United States Court of Appeals for the Seventh Circuit on December 22, 2010.

The Court simultaneously construed the Petitioner's submission as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 and ordered the Petitioner to supplement his re-characterized motion or file an objection.

On December 30, 2010, the Seventh Circuit directed the Petitioner to file a memorandum by January 13, 2011, stating why his appeal should not be dismissed for lack of jurisdiction due to its untimeliness. On January 21, 2011, that court again ordered the Petitioner to respond regarding why his appeal should not be dismissed for failure to respond to the court's order of December 30, 2010. On February 16, 2011, based on the Petitioner's continued failure to file a response as ordered, the Court directed the United States to file a memorandum addressing the timeliness issue on or before February 25, 2011. The United States filed the

jurisdictional memorandum as directed, stating that the appeal should be dismissed for lack of jurisdiction based on the untimeliness of the Petitioner's notice of appeal.  On March 9, 2011, the Petitioner's appeal was dismissed as untimely.

The Petitioner's § 2255 Motion and the Supplement thereto are now before the Court.

## II. DISCUSSION

### A. Grounds raised

The first ground raised in the § 2255 petition is ineffective assistance of counsel, based on counsel's alleged failure to file a notice of appeal following sentencing.  The Petitioner claims he requested that counsel file a notice of appeal on his behalf.

The Petitioner requests an evidentiary hearing on his ineffective assistance of counsel claim, if the Court does not presume prejudice.

In his Supplement, the Petitioner relies on the United States Supreme Court's decision in *DePierre v. United States*, 131 S. Ct. 2225 (2011), wherein he claims the Supreme Court announced "a new substantive rule"

that applies retroactively to cases on collateral review.

## B. Ineffective assistance of counsel claim

A petitioner asserting an ineffective assistance of counsel claim is entitled to relief only in "extraordinary situations," such as when there is an "error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013). The Sixth Amendment right to the assistance of counsel includes the right to the effective assistance of counsel. *See id*. at 879.

In order to prevail on an ineffective assistance claim, a petitioner must show that counsel's performance was objectively unreasonable and that such performance prejudiced the petitioner. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. However, the "prejudice" prong of Strickland does not apply when an appellate lawyer either fails to file a brief or does not satisfy the requirements of *Anders* in seeking leave to

withdraw.  *See Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994).

Ground One of the Petitioner's Motion asserts ineffective assistance of counsel for failure to file a notice of appeal.  In support thereof the Petitioner states, "Immediately following Movant's sentencing, he specifically requested his counsel, Mr. Robert J. Scherschligt[,] to file a Notice of Appeal on his behalf.  Mr. Scherschligt agreed, but failed to do so."

In its Response to the Petitioner's Motion, the Government states it believes it is significant that Petitioner made no mention of this ground for relief in his initial letter to the Court of October 25, 2010, wherein he states:

> I (Robert Armstrong) am writing on behalf of my sentence I received on January 25, 2010; which I would like to file a "Notice of Appeal" as well as request that the Courts appoint me an "Appeal Attorney" so that my sentence can be appealed. "My Original Attorney", I feel didn't handle my case within the best interests regarding my sentencing, this in return I feel that received such a unjust sentence. . . . Thank you for your time in this matter.

*See* Case Number 07-CR-30107, Doc. No. 24.  Significantly, the Petitioner does not say that he had previously requested his trial counsel to file an

appeal and his attorney failed to do so.

Instead of questioning counsel's alleged failure to file a notice of appeal nine months earlier, the Petitioner instead takes issue with counsel's sentencing strategy. As the Government states, it would seem logical that based on his complaints in the letter about counsel's performance, the Petitioner would have also mentioned that he had asked his attorney to file an appeal and counsel failed to do so.

As part of the record, the Government has filed the Affidavit of Robert Scherschligt, now the Chief Public Defender in Sangamon County, Illinois. Mr. Scherschligt states under oath that Petitioner never instructed him to file an appeal. According to the affidavit, counsel spoke to the Petitioner after the sentence and advised him not to appeal, given that the sentence was 27 months below the low end of the guideline range. Counsel informed the Petitioner that the Court varied based upon the age of one his prior convictions and the crack/powder cocaine disparity under the guidelines. Counsel further explained that because he believed it may have been error for the Court to consider the crack/powder cocaine disparity in

8

the career offender context as a basis to vary downward, he did not recommend an appeal.

According to his Affidavit, counsel further explained that if the Petitioner were to appeal the sentence, then the Government could decide to cross-appeal the Court's consideration of the crack/powder cocaine disparity, based on contrary authority that has since been overturned.  *See United States v. Welton*, 583 F.3d 494 (7th Cir. 2009), *judgment vacated*, *Welton v. United States*, 559 U.S. 1034 (2010).  Counsel believed such an act could have resulted in a remand for re-sentencing which potentially could have led to the Petitioner receiving a greater sentence of imprisonment then the original sentence imposed.[1]  The Petitioner than informed counsel that he did not wish to appeal his sentence.

In *Castellanos*, the Seventh Circuit joined several other circuits in holding that an attorney's failure to file an appeal upon the client's request

---

[1]Additionally, it was not until March 17, 2010, nearly two months after the Petitioner's sentencing, that the Seventh Circuit held that the career offender guideline, like other guidelines, is advisory.  *See United States v. Corner*, 599 F.3d 411, 415-16 (7th Cir. 2010).  Therefore, at the time of the Petitioner's sentencing, district judges may not have been fully aware of the extent of their discretion.

results in constitutionally ineffective assistance of counsel *per se*, as it effectively amounts to attorney abandonment. *See Castellanos*, 26 F.3d at 720. However, in announcing this new rule, the court noted that the petitioner must instruct counsel to appeal. "'Request' is an important ingredient in this formula. A lawyer need not appeal unless the client wants to pursue that avenue." *Id*. at 719.

The Petitioner's claim that counsel failed to file a notice of appeal upon request is not consistent with the prior complaint in his letter and his counsel's affidavit. The letter suggests the Petitioner wished to pursue an appeal nine months after the sentencing hearing. It appears that he eventually began to second-guess counsel's strategy at sentencing. In the letter, the Petitioner does not say that he requested a notice of appeal to be filed. Moreover, the letter suggests the Petitioner knows that a notice of appeal was not filed.

The Petitioner's ineffective assistance ground for relief is simply not credible, when considered with his letter of October 25, 2010 and counsel's affidavit. In considering an ineffective assistance of counsel claim based on

the failure to file a notice of appeal, the Supreme Court observed that a "highly relevant factor in this inquiry will be whether the conviction follows a trial or guilty plea . . . because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (7th Cir. 2000). Another factor to consider is "whether the defendant received the sentence bargained for as part of the plea." *Id*.

The Petitioner's sentence of 235 months was 27 months below the low end of the guideline range. Based on the state of the law at the time, an appeal risked the possibility of a heavier sentence. The Court concludes that Petitioner's ineffective assistance claim is without merit and not credible for multiple reasons. First, it was not raised initially. Second, the claim is contrary to common sense based on the potential for a higher sentence. Third, the Petitioner's claim is contradicted by counsel's affidavit.

C. Necessity of hearing

The Petitioner's second ground for relief under § 2255 is that an

11

evidentiary hearing is necessary in the event that prejudice is not presumed as to counsel's alleged ineffectiveness.  Typically, a hearing is necessary if factual disputes are at issue.  *See Rodriguez v. United States*, 286 F.3d 972, 986 (7th Cir. 2002).  However, "a court may deny an evidentiary hearing if the allegations in the motion are unreasonably vague, conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the record before the district court."  *Id*. (internal quotation marks and citations omitted).

For the reasons previously stated, the allegations in support of the Petitioner's ineffective assistance of counsel claim are not credible when the entire record, including the Petitioner's letter and counsel's affidavit, are also considered.

Accordingly, the Petitioner's ineffective assistance of counsel claim is without merit.  The Court further concludes that an evidentiary hearing is not warranted.

D. DePierre claim

In his supplement, the Petitioner alleges he is entitled to relief based

12

on the Supreme Court's decision in *DePierre v. United States*, 131 S. Ct. 2225 (2012), which he claims announced a new rule of constitutional law that applies retroactively on collateral review.

The Petitioner cites no authority in support of his argument that *DePierre* announced a new rule of constitutional law. This Court concludes the Supreme Court did not. *See Chesnut v. United States*, No. 12-0697, 2012 WL 3262728, at *2 (S.D. Ill. Aug. 9, 2012 ). Moreover, *DePierre* did not make any such rule "retroactive to cases on collateral review." *See id.*; *see also Frazier v. Holland*, 2013 WL 5739694 (E.D. Ky. Oct. 22, 2013) ("[E]ven if *DePierre* provided Frazier any substantive relief, the case does not apply retroactively to cases on collateral review.").

Even if *DePierre* did apply on collateral review, the Petitioner would not be entitled to any relief. In *DePierre*, the Supreme Court held that "cocaine base" as used in 21 U.S.C. § 841(b)(1) refers not just to crack cocaine, but to all cocaine in its base form. *See DePierre*, 131 S. Ct. 2231-32. *DePierre* does not mean that drug amount under § 841 is an element of the offense which must be proven beyond a reasonable doubt.

13

Accordingly, the Petitioner's supplemental argument under § 2255 is without merit.

## III. CONCLUSION

For the reasons stated herein, the Court concludes that Petitioner is not entitled to relief on his Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. The petitioner must show that reasonable jurists could debate the resolution of the petition or at least establish that it is questionable whether the petition should be allowed to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because the Court concludes that reasonable jurists could debate the issue of whether an evidentiary hearing was necessary to resolve the Petitioner's ineffective assistance of counsel claim, the Court will issue a

certificate of appealability as to that claim only.

The Court concludes that jurists of reason would not find it debatable that the Court concluded that Petitioner is entitled to no relief under *DePierre*.

Ergo, the Motion of Petitioner Robert Armstrong to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [d/e 1] is DENIED.

The Court hereby issues a certificate of appealability as to the Petitioner's ineffective assistance of counsel claim and request for an evidentiary hearing relating to his alleged request that counsel file a notice of appeal.

The Court declines to issue a certificate of appealability as to any other issue.

The Clerk will enter Judgment pursuant to this Order.

ENTER: December 13, 2013

FOR THE COURT:

*s/Richard Mills*

Richard Mills
United States District Judge

15